IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC- BALTIMORE
'25 JUL 11 PM 1:42

| | |
|---|---|
| MOHAMMAD SHARIFKHANI, <br> 1856 John Dr, Edgewood, MD 21040 <br> Plaintiff, <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br><br> **-against-** <br><br> See attached list of defendants (Attachment A) <br><br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | **Complaint for a Civil Case** <br><br> Case No. ABA 25 CV 2248 <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial:  ☐ Yes  ■ No <br> *(check one)* |

HD

Rcv'd by: AR

**Attachment A – List of Defendants (Caption Continuation)**

1. MARCO ANTONIO RUBIO, in his official capacity as U.S. Secretary of State

2. U.S. DEPARTMENT OF STATE

3. KRISTINA A. KVIEN, in her official capacity as U.S. Ambassador to Armenia

4. JERI BARNETT, in her official capacity as Consular Chief, U.S. Embassy Yerevan

5. PEGGY PETROVICH, in her official capacity as Director, National Visa Center

6. KRISTI LYNN ARNOLD NOEM, in her official capacity as U.S. Secretary of Homeland Security

7. ANGELICA ALFONSO-ROYALS, in her official capacity as Acting Director, U.S. Citizenship & Immigration Services

I.  **The Parties to This Complaint**

  A.  **The Plaintiff(s)**

  Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

  | | |
  |---|---|
  | Name | Mohammad Sharifkhani |
  | Street Address | 1856 John Dr |
  | City and County | Edgewood, Harford County |
  | State and Zip Code | MD 21040 |
  | Telephone Number | 443-876-7726 |
  | E-mail Address | msharif1188@gmail.com |

  B.  **The Defendant(s)**

  Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

  Defendant No. 1

  | | |
  |---|---|
  | Name | Marco Antonio Rubio, in his official capacity |
  | Job or Title (if known) | U.S. Secretary of State |
  | Street Address | U.S. Dept. of State, 2201 C ST NW |
  | City and County | Washington DC |
  | State and Zip Code | DC 20520 |
  | Telephone Number | 202-647-4000 |
  | E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | U.S. Department of State |
| Job or Title (if known) | |
| Street Address | U.S. Dept. of State, 2201 C ST NW |
| City and County | Washington DC |
| State and Zip Code | DC 20520 |
| Telephone Number | 202-647-4000 |
| E-mail Address (if known) | |

Defendant No. 3

| | |
|---|---|
| Name | Kristina A. Kvien, in her official capacity |
| Job or Title (if known) | U.S. Ambassador to Armenia |
| Street Address | c/o Executive Office, Office of the Legal Adviser (L/EX), U.S. Department of State, 600 19th Street NW, Suite 5.600 |
| City and County | Washington DC |
| State and Zip Code | DC 20522 |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 4

| | |
|---|---|
| Name | Jeri Barnett, in her official capacity |
| Job or Title (if known) | Consular Chief, U.S. Embassy Yerevan |
| Street Address | c/o Executive Office, Office of the Legal Adviser (L/EX), U.S. Department of State, 600 19th Street NW, Suite 5.600 |
| City and County | Washington DC |
| State and Zip Code | DC 20522 |
| Telephone Number | |
| E-mail Address (if known) | |

*(If there are more than four defendants, attach an additional page providing the same information for each additional defendant.)*

Defendant No. 5

| | |
|---|---|
| Name | Peggy Petrovich, in her official capacity |
| Job or Title (if known) | Director, National Visa Center |
| Street Address | 32 Rochester Ave |
| City and County | Portsmouth, Rockingham County |
| State and Zip Code | NH 03801-2909 |
| Telephone Number | 603-334-0700 |
| E-mail Address (if known) | |

Defendant No. 6

| | |
|---|---|
| Name | Kristi Lynn Arnold Noem, in her official capacity |
| Job or Title (if known) | U.S. Secretary of Homeland Security |
| Street Address | Office of the General Counsel, 2707 Martin Luther King Jr Ave SE, MS 0485 |
| City and County | Washington DC |
| State and Zip Code | DC 20528-0485 |
| Telephone Number | 202-282-8000 |
| E-mail Address (if known) | |

Defendant No. 7

| | |
|---|---|
| Name | Angelica Alfonso-Royals, in her official capacity |
| Job or Title (if known) | Acting Director, U.S. Citizenship & Immigration Services |
| Street Address | Office of the Chief Counsel, USCIS, 5900 Capital Gateway Dr, Mail Stop 2120 |
| City and County | Camp Springs, Prince George's County |
| State and Zip Code | MD 20588-0009 |
| Telephone Number | |
| E-mail Address (if known) | |

II.  **Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

■ Federal question                ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.  **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

28 U.S.C. § 1361 (mandamus); 5 U.S.C. §§ 555(b), 702, 704, 706(1) (APA delay/waiver); 8 U.S.C. §§ 1104, 1201(g), 1202(b), 1571(b) (INA visa duties & 180-day goal); 22 C.F.R. §§ 42.81(a), 42.84 (issue/refuse rule).

B.  **If the Basis for Jurisdiction Is Diversity of Citizenship**

1.  The Plaintiff(s)

    a.  If the plaintiff is an individual

        The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b.  If the plaintiff is a corporation

        The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

6

2.     The Defendant(s)

      a.     If the defendant is an individual

              The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____.

      b.     If the defendant is a corporation

              The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. *Or* is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____
_____
_____

7

III. **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. Plaintiff **Mohammad Sharifkhani** is a U.S. citizen residing in Maryland. His wife, **Elnaz Elmizadeh**, is the beneficiary of an IR-1 immediate-relative petition (I-130 filed 30 Sept 2020; 8 U.S.C. § 1151(b)(2)(A)(i)). She completed her immigrant-visa interview at the U.S. Embassy in Yerevan on **24 June 2024** (Embassy Case No. YRV202352006) and was handed a written notice placing the application in **"Administrative Processing," (Exh. A)**—a temporary refusal under INA § 221(g). The file has been document-complete and inactive for **over 380 days,** leaving the couple separated for nearly **five** years. No further documents or information have been requested by the embassy since the AP questionnaire was responded on **27 June 2024**.

2. Defendants have a clear, non-discretionary duty to **issue or formally refuse** once a record is complete (INA §§ 1104, 1201(g); 22 C.F.R. §§ 42.81(a), 42.84). The Administrative Procedure Act requires agency action "within a reasonable time" and waives sovereign immunity (5 U.S.C. §§ 555(b), 702, 704, 706(1)); mandamus jurisdiction lies under 28 U.S.C. § 1361. The delay already doubles Congress's 180-day benchmark for immigrant-visa adjudications (8 U.S.C. § 1571(b)).

3. **TRAC factors:**
    (a) *Rule of reason*—Defendants articulate none; Acting SAC Director **Carson Wu** states that **75 % of SAO cases conclude within 120 days and 90 % within 24 months** (Exh. B, Wu Decl.). Plaintiff's case is already outside that window.
    (b) *Congressional timetable*—the 180-day goal (8 U.S.C. § 1571(b)) has been exceeded.

III. **Statement of Claim (continued)**

3. **TRAC factors (continued):**

    (c) *Competing priorities*—Wu confirms only **37 analysts vet 66,000 cases** (Exh. B) and that SAO processing is **not FIFO** (Exh. B); expediting this case will not "jump a line."

    (d) *Queue order*—Acting SAC Director Carson Wu confirms SAO files are triaged, not handled FIFO; as a result, later-filed IR-1—and even quota-bound F-2A—cases have already been approved while Plaintiff's remains pending, demonstrating arbitrary queue-jumping (Exh. B)

    (e) *Human health & welfare*— Nearly five years apart have caused anxiety, depression, and financial strain; the couple has shared only 11 months together, Plaintiff has postponed starting a family, and he cannot quit his Maryland job or risk mortgage default. The 2025 Iran–Israel conflict heightened danger: although Ms. Elmizadeh was outside combat zones, nationwide alerts, travel disruptions, and constant uncertainty curtailed normal life and kept her under severe stress. The fragile cease-fire could collapse at any time, prolonging her exposure to the instability and hazards of war. The U.S. Department of State currently designates Iran as a Level 4 "Do Not Travel" zone due to terrorism, civil unrest, and the risk of wrongful detention of U.S. citizens, which prevents Plaintiff from safely joining his wife.

    (f) *Bad faith not required*—every inquiry drew the stock phrase "administrative processing—no timeline," evidencing agency lassitude.

4. A § 221(g) notice does not complete the agency's duty; courts routinely compel further processing (see *Momeni v. Blinken*, D.D.C. 2024; *Felix v. DOS*, D. Nev. 2025).

5. **Exhaustion/Futility.** Plaintiff sought relief through Rep. Harris (09-08-2024 & 05-11-2025), Sen. Cardin (09-23-2024), Sen. Van Hollen (05-27-2025), embassy expedite requests (03-18-2025 & 04-30-2025), and White House inquiries (11-15-2024, 02-09-2025, 03-14-2025). All received the same response: "administrative processing—no timeline." leaving no administrative remedy.

6. By **unreasonably delaying and unlawfully withholding** action, Defendants violate the APA, INA, and their own regulations. Plaintiff asks the Court to order Defendants to adjudicate forthwith and either issue the IR-1 visa or provide a lawful written refusal.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. For any request for injunctive relief, explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

Plaintiff respectfully requests that the Court:

1. Issue a writ of mandamus or declaratory judgment compelling Defendants to complete adjudication of the IR-1 visa application for Elnaz Elmizadeh within 30 days;

2. In the alternative, require Defendants, within 15 days, to file a sworn status report detailing every remaining step and a firm completion schedule;

3. Award Plaintiff filing costs (and, if eligible, fees) under 28 U.S.C. § 2412; and

4. Grant such further relief as the Court deems just and proper.

V.  **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: __7/11__, 20_25_.

Signature of Plaintiff   _____

Printed Name of Plaintiff   __Mohammad Sharifkhani__

*(If more than one plaintiff is named in the complaint, attach an additional certification and signature page for each additional plaintiff.)*

B.  **For Attorneys**

Date of signing: _____, 20__.

Signature of Attorney   _____
Printed Name of Attorney   _____
Bar Number   _____
Name of Law Firm   _____
Address   _____
Telephone Number   _____
Email Address   _____